**David P. Gardner, Chapter 7 Trustee**
250 Northwest Blvd., Ste. 206
Coeur d'Alene, ID 83814
(208) 667-2103
trustee@winstoncashatt.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

|  |  |
|---|---|
| In Re: | Case No. 20-20617-NGH |
| MICHAEL J. QUINN<br>KAY L. QUINN, | Chapter 7 |
| Debtor(s). | |

### TRUSTEE'S RESPONSE TO STEARNS BANK

In accordance with the Court's scheduling order (Doc. 67), Chapter 7 Trustee David P.

Gardner makes the following response to the brief filed by Stearns Bank (Doc. 65):

**1.   There are no competing motions before the Court.**

As pointed out in the Trustee's original response (Doc. 56), Debtors' Cash Motion, as

Stearns Bank terms it, is not supported by any Code provision or other law. Stearns Bank notes

that the Trustee makes a clear case on this point (Doc. 65, p. 3), but provides no explanation as to

how Debtors can support such a motion. They cannot. Debtors, who do not have standing to

object here, have instead offered to purchase a different asset (the Property's equity), which the

Trustee declined.

**2.   Mr. Peterman's recitation of the facts is dishonest.**

After claiming that the "history of the case is highly relevant," Mr. Peterman presents a

"history" he knows to be incomplete and uses that version of "history" to argue that the Trustee

TRUSTEE'S RESPONSE – Page 1

has somehow provided Stearns Bank with conflicting information "three" times. (Doc. 65, p. 2-3) But that is not true.

Mr. Peterman chose to omit from his Declaration (Doc. 66) the Trustee's email to him about this case on July 7, 2021.[1] That email was provided to Mr. Peterman upon his request after a phone call with the Trustee. During that phone call, Mr. Peterman told the Trustee that his client had been in contact with counsel for Debtors, that his client had rejected Debtors' offer to purchase Stearns Bank's claim in the case, and that his client was concerned that it was receiving substantially less funds upon the sale proposed by the Trustee than it would receive if Debtors' offer were accepted instead. Mr. Gardner explained that he had miscalculated the "remainder to estate" in his Motion to Approve the sale, but that he believed the difference between the two offers was smaller than Stearns Bank had been lead to believe and that he felt the law supported his Sale Motion. Mr. Peterman asked the Trustee to confirm that in writing, which he did on July 7. (See Dec. of Gardner, filed herewith)

The reason that there is a difference between the calculations in the Trustee's July 7 email and the Trustee's Errata (Doc. 55) is, mostly, that the former includes the Trustee's estimated compensation on the case and the latter does not.[2] But that is because, in his July 7 email, the Trustee was acting in good faith to compare the proposed sale to the Debtors' offer "side-by-side," because that is what Stearns Bank asked him to do. In the Errata, the Trustee was complying with this Court's Local Rules. LR 2002.1(a)(1)(G) requires the Trustee, when making a motion to sell property of the estate, to "include, without limitation, the following information:

---

[1] The email is referenced in the Trustee's July 30, 2021 email to Mr. Peterman (Doc. 66, p. 5), but is omitted from the Declaration for some reason.
[2] The "Mortgages" calculation is also reduced by approximately $17,500.00 based upon the Debtors' representations of the current value of those liens in their own filings. (Doc. 47)

TRUSTEE'S RESPONSE – Page 2

. . . (G) The proposed disposition of the proceeds of sale shall include any proposed compensation to brokers, auctioneers, or other professionals to be paid from the proceeds of the sale[.]"

The Trustee's compensation was not "omitted" from the Errata any more than the estate's Realtor's compensation was "included." Both are valid claims against the estate. The latter is only included in a sale motion because it must be by Local Rule, presumably because the professional is paid at the closing of the sale, while the Trustee is paid at the conclusion of administration of the entire estate.

**3.   Stearns Bank misunderstands who the "estate" is and its legal arguments should be rejected.**

At the heart of its argument, and the Debtors', is the simple truth that if one cuts out those who do the work, there will always be more money for everyone else. Stearns Bank simply states the obvious: if the Trustee does not pay the employed Realtor who brought the sale or the Trustee who administers the case, then there's more money for me, so the Court should do that. To get there, Stearns Bank has to make much of the fact that it is the "only creditor" of this estate and, therefore, is "the estate." But that simply is not true.

The estate's employed Realtor is a creditor of this estate, with a higher priority than Stearns Bank. Surely it would prefer to be paid the highest allowable amount, just like Stearns Bank. The Trustee is also entitled to his compensation upon administration of the estate, again at a priority above Stearns Bank. The Debtors are entitled to their homestead exemption should their home be sold, again to the exclusion of Stearns Bank's claim. And secured creditors are entitled satisfaction of their claims, too, if the sale is approved. Finally, there is the Internal Revenue Service who will certainly have an administrative expense claim in this bankruptcy case under either outcome, also with a claim prior to Stearns Bank's.

Stearns Bank makes the same fatal error Debtors do in pretending that it is the only party in interest here. It is very obviously not. Stearns Bank's sole reliance on the "Chapter 7 Bankruptcy Basics" bulletin from the U.S. Courts is unconvincing. No case law has been provided to this Court that even **suggests** a Chapter 7 Trustee violates his duties under circumstances remotely like those we have here. Nor does either party present **any law** suggesting a Chapter 7 Trustee can be forced to accept an offer he has rejected solely because it yields an allegedly higher return to one group of creditors.

4. **For the first time on reply, Stearns Bank argues §363(b) is not satisfied. The argument should be rejected.**

Stearns Bank claims "[t]he Trustee has not satisfied either" requirement to demonstrate that (1) the price obtained on this sale represent the fair market value of the asset, or (2) that there is a sound business justification for this sale. (Doc. 65, p. 4) Stearns Bank does not explain why those predicates are not met.

Both have been demonstrated. As to value, the Property was listed on the MLS and an offer was obtained. This is the standard, accepted method of establishing the value of real estate in bankruptcies. As to the Trustee's business judgment, that judgment, though not unlimited, is entitled to "great judicial deference." In re Bakalis, 220 B.R. 525, 532 (Bkrtcy. EDNY 1998). This is a run-of-the-mill process for Chapter 7 Trustees. It is the very purpose of all trustees to administer property of the estate. What is not "sound" about that justification? Stearns Bank doesn't say. It also does not explain why this argument was not true when it responded before, or how it can be timely now.

But the Trustee will testify at the hearing on this matter that the Property was listed on the MLS by the estate's Realtor; that he was provided four offers for purchase on May 18, 2021; that three of the four offers were full price ($750,000.00) offer with conventional financing and

TRUSTEE'S RESPONSE – Page 4

inspection requirements; the fourth was a cash offer of $746,000.00 with the buyer paying all closing costs; that negotiations with the fourth offeror resulted in a full price cash offer with buyer paying all costs at closing; and that the he accepted the fourth offer on May 20, 2021. In rejecting Debtors' proposals, the Trustee will testify that he did evaluate those offers; noted that the offers themselves proposed to purchase only the equity in the Property; that the purchase price offered by Debtors was less than all parties agreed the value of the equity was at the time the offers were made; that the income tax results of such an offer would be more detrimental to the estate than the proposed sale; and that he rejected the Debtors' offers on those bases. The Trustee's judgment is sound and should be affirmed by the Court.

In conclusion, the Trustee requests that the Court overrule the objection of Stearns Bank and approve the sale.

DATED: September 27, 2021.

/s/ David P. Gardner
David P. Gardner, Chapter 7 Trustee